**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SKYLAR RAY WATSON**                                                                 **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:25-cv-00369-TBM-RPM**

**M.D.O.C. ARP DEPT, et al.**                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Slylar Ray Watson's failure to comply with Court Orders. Plaintiff is an inmate housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. [1], p. 1. Plaintiff has not paid the requisite filing fee for this civil action, nor has he requested leave to proceed *in forma pauperis*.

On December 11, 2025, the Court ordered Plaintiff to comply with the following instructions by January 12, 2026:

> [P]laintiff shall either pay the required $350.00 . . . filing fee plus a $55.00 administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

[3], p. 1. Plaintiff was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court will be deemed a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case." [3], p. 2. That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable. Plaintiff did not comply with the Court's Order [3] by the January 12 deadline.

On December 26, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. [4], p. 1. Plaintiff's responsive

deadline was extended to February 9, 2026, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." [4], pp. 1-2. The Order to Show Cause [4] and a copy of the Court's December 11 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable. Plaintiff did not comply with the Order to Show Cause [4] by the February 9 deadline.

On February 18, 2026, the Court entered a Second and Final Order to Show Cause [5], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [4] [3]." [5], p. 2. Plaintiff was ordered to file a written response on or before March 4, 2026. [5], p. 2. Plaintiff was also ordered, on or before the March 4 deadline, to comply with the Court's December 11 Order [3] "by paying the required filing fee or by filing a complete application for leave to proceed *in forma pauperis*." [5], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [5], p. 2. The Second and Final Order to Show Cause [5], a copy of the Order to Show Cause [4], and a copy of the Court's December 11 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable.

Plaintiff has not complied with the Second and Final Order to Show Cause [5], and he has not communicated with the Court about his lawsuit since December 11, 2025—the day he filed his Complaint. This inaction is despite being warned four times that a failure to advise the Court of a change of address or a failure to timely comply with the Court's orders may lead to the dismissal

of his case. *See* [5], p. 2; [4], p. 2; [3], p. 2; [2], p. 1. The Court has all reason to believe that Plaintiff received this correspondence, as none of it was returned as undeliverable.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [5] [4] [3], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 30th day of April, 2026.**

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**

3